UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES ASHFORD                                                              PLAINTIFF
ADC #133975

V.                           No. 4:20CV01107-KGB-JTR

DOE, Supervisor, Tucker Max                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

Plaintiff Charles Ashford ("Ashford") is a prisoner at the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"). On September 17, 2020, he filed a § 1983 Complaint alleging that Defendant Doe is violating his constitutional rights. *Doc. 1*.

Ashford did not pay the filing fee for this action or file an application to proceed *in forma pauperis*. However, a prisoner may not proceed *in forma pauperis* if three of his prior actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Court records show that, before this lawsuit, Ashford filed numerous § 1983 actions in this Court, at least three of which were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Ashford v. Davis,* No. 5:07cv255-SWW; *Ashford v. Whaley,* No. 5:09cv86-JLH; *Ashford v. Rucker,* No. 5:09cv202-SWW; *Ashford v. Washington*, No. 5:09cv224-JLH.

Thus, as a well-established three-striker, Ashford can proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] Importantly, the Eighth Circuit has clarified that the imminent-danger exception applies only to claims involving a risk of *continuing or future injury* and not to claims seeking "a remedy for past misconduct." *Martin v. Shelton,* 319 F.3d 1048, 1050-51 (8th Cir. 2003) (emphasis added). The exception applies only when a prisoner presents "*specific fact allegations* of ongoing serious physical injury, or a

---

[1]In Ashford's most recent lawsuit, the Court initially allowed him to proceed *in forma pauperis* based on the "imminent harm" exception. *Ashford v. Belt,* No. 5:19cv94-BSM-JTR, *docs. 10, 11 & 13.* On September 4, 2020, after determining that Ashford was not in imminent harm from the defendant (who was no longer employed at the ADC), United States District Judge Brian S. Miller revoked Ashford's *in forma pauperis* status, dismissed his case without prejudice, and gave him 30 days to reopen the case by paying the $400 filing fee and filing a motion to reopen. *Id.,* docs. 32, 34 & 35.

pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (emphasis added). A prisoner must allege more than a speculative or generalized risk of harm. *Id.* at 1050 ("conclusory assertions that defendants were trying to kill" a prisoner were "insufficient" to invoke the imminent-danger exception).

In his Complaint, Ashford alleges that: (1) Defendant Doe, a "grievance supervisor," refuses to process his Step 2 grievances; (2) "as a result[,] his life remained "endangered . . . for the entire month of July and August and September," when he was "repeatedly" raped by "all east isolation inmates." *Doc. 1 at 3-4.*

On September 25, 2020, the Court advised Ashford that he was a three-striker and that his vague, conclusory, and facially implausible allegations were insufficient to demonstrate the required showing of imminent danger of physical injury. *Doc. 2*. However, the Court gave Ashford the opportunity to file an Amended Complaint to support his claims with "specific facts." Ashford did *not* file an Amended Complaint.

Because Ashford does not meet the imminent-danger exception to the three-strikes provision, this action should be dismissed, without prejudice.

## II. Conclusion

IT IS THEREFORE RECOMMENDED:

1.   Ashford's Complaint be DISMISSED, WITHOUT PREJUDICE.

2. Ashford be given thirty (30) days to reopen the case by paying the $400 filing fee in full and filing a Motion to Reopen.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 19th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE